IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HAROLD MILLER MINCKLER and
WIFE CHERI HOFF MINCKLER                                                PLAINTIFFS

V.                                                      CIVIL ACTION NO. 2:19-cv-165-KS-MTP

THOR MOTOR COACH, INC., CAMPING
WORLD RV SALES, LLC, M&T BANK
CORPORATION, and BRIAN STRICKLAND                                       DEFENDANTS

## ORDER

This cause came before the Court on Defendant Brian Strickland's Motion to Dismiss [6]. Plaintiffs did not file a response to the motion. Having reviewed the motion and Complaint, the relevant legal authority, and otherwise being duly advised in the premises, the Court finds the motion is well taken and will be granted.

## I. BACKGROUND

This case arises from the sale of a 2018 Chateau Citation Motor Home, which Plaintiffs purchased from Defendant Camping World RV Sales, LLC ("Camping World"). [1-2] at ¶ 6. Defendant Thor Motor Coach, Inc. is the manufacturer. *Id*. M&T Bank Corporation has been made a defendant by virtue of a security agreement executed by Plaintiffs to Camping World, which security interest was later sold to the bank. *Id*. at ¶ 7. Brian Strickland ("Strickland") is alleged to be the agent and employee of Camping World, and Plaintiffs plead that "any wrongful acts" of Strickland are imputed to Camping World. *Id*. at ¶ 5. Plaintiffs allege that the motor home was defective at the time of purchase and still is unfit for use. *Id*. at ¶ 8. The only claims that Plaintiffs allege appear to sound solely in warranty. *Id*. at ¶ 9.

1

On October 28, 2019, Strickland and the other Defendants filed a Joint Notice of Removal. [1]. The Defendants allege in said notice that Strickland is a fraudulently joined party whose presence should not defeat diversity. Strickland argues that the Complaint makes no independent allegations against him with no mention of any wrongful acts. Thus, Strickland moves to the Court to dismiss him from this action. Plaintiffs did not respond to the motion.[1]

**II. DISCUSSION**

This case was removed under 28 U.S.C. § 1332, which bases jurisdiction on the diversity of all the parties. A properly joined in-state defendant where the plaintiff, too, is an in-state citizen, destroys the complete diversity requirement under § 1332. *Smallwood v. Illinois Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). This Court has jurisdiction to determine whether removal was proper and whether a resident defendant has been fraudulently joined. *See Wesley v. Miss. Transp. Comm'n*, 857 F. Supp. 523, 530 (S.D. Miss. 1994). The question is whether the removing party has shown that there is no possibility of recovery by the plaintiff against an in-state defendant, as "a non-diverse party is improperly joined if the plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.'" *See Capitol Body Shop, Inc. v. Allstate Ins. Co.*, No.: 3:18-CV-516, 2019 WL 943414, at *4 (S.D. Miss. Feb. 26, 2019) (quoting *Flagg v. Stryker Corp*. 819 F.3d 132, 136 (5th Cir. 2016)) (citation omitted)). Simply stated, "the test for improper joinder is whether the removing party [crying improper joinder] has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant." *Id*. (citation omitted).

---

[1] Per the Court's Timing Order [8], Plaintiffs' response was due on or before November 18, 2019, and, to date, no response has been docketed.

In conducting its analysis on the motion to remove on the basis of fraudulent joinder, "the court may conduct a Rule 12(b)(6) type-analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. (quoting *Bell v. Texaco, Inc.*, 493 Fed. App'x 587, 591 (5th Cir. 2012)). A plaintiff must plead enough facts to state a "plausible claim for relief" to survive a 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Id*. at 678.

As Strickland points out, there is nothing in Plaintiffs' Complaint that alleges, much less would establish, that Strickland, an employee of Camping World at the relevant time, should be held personally liable on a theory of recovery based on breach of warranty. He, as a mere employee, would not personally warrant the camper, and the Plaintiffs do not even contend as such. There are no allegations relating to any relationship between Strickland and the sale or service of the motor coach, nor any allegations of any role Strickland played relative to the allegations of the Complaint. There are simply no allegations of any wrongful acts by Strickland that would give rise to any personal liability.[2] By Plaintiffs' silence in response the motion, it would seem Plaintiffs concede as much.

Finally, "[a]n agent for a disclosed principal is not a party to the principal's contract and incurs no liability under the contract, absent fraud." *Thompson v. Nationwide Mut. Ins. Co*., 971 F. Supp. 242, 243 (N.D. Miss. 1997). A cause of action may exist "against the agent of a disclosed principal if the agent engages in independent conduct which rises to the level of gross

---

[2] As Strickland points out, he is also not mentioned in anywhere in the Purchase Agreement attached to the Complaint.

negligence, malice, or reckless disregard for the rights of plaintiff." *Chambers v. Union Nat. Life Ins. Co.*, 2002 WL 32397267 at *2 (S.D. Miss. Mar. 29, 2002). There are no allegations of fraud or any allegations involving Strickland that would give rise to any sort of gross negligence, malice, or reckless disregard for the rights of Plaintiffs.

**III. CONCLUSION**

Based on the foregoing, the Court finds that there is no reasonable possibility of recovery against Strickland under Mississippi law, and as such, he has been fraudulently joined as a non-diverse defendant. Therefore, it is hereby ORDERED that Brian Strickland's Motion to Dismiss [6] is GRANTED. Any purported claim(s) against Brian Strickland are hereby dismissed without prejudice.

SO ORDERED AND ADJUDGED this 25th day of November 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE