IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HAROLD MILLER MINCKLER AND WIFE
CHERI HOFF MINCKLER                                                                    PLAINTIFFS

V.                                               CIVIL ACTION NO. 2:19-CV-00165-KS-MTP

THOR MOTOR COACH, INC.,
CAMPING WORLD RV SALES, LLC,
AND M & T BANK                                                                            DEFENDANTS

**SEPARATE ANSWER AND DEFENSES OF THOR MOTOR COACH, INC TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Thor Motor Coach, Inc. ("Thor") by and through counsel, and submits its separate Answer and Affirmative Defenses to the Plaintiffs' Amended Complaint ("Amended Complaint") filed against it in this cause as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim against Thor, in whole or in part, upon which relief may be granted.

**SECOND DEFENSE – ANSWER**

Thor, without waiving the previous defenses, answers the allegations of the Amended Complaint, paragraph by paragraph, as follows:

1.  Thor is without sufficient information to admit or deny the allegations in Paragraph 1 and, therefore, denies the allegations for lack of information.

2.  Any allegations concerning the service of legal process call for legal conclusions to which no response is required. To the extent a response is deemed required, Thor denies the allegations in Paragraph 2 of the Amended Complaint and

states only that Thor is a Delaware company that may be served through its agent for service of process, CT Corporation System. Thor denies all remaining allegations of Paragraph 2 of the Amended Complaint and specifically denies any allegation which attempts to enhance or expand any duty imposed upon it under the laws of the State of Mississippi.

3. The allegations in Paragraph 3 are not directed toward Thor and, therefore, no response is required of Thor. To the extent a response is deemed required, Thor denies the allegations in Paragraph 3 for lack of information.

4. The allegations in Paragraph 4 are not directed toward Thor and, therefore, no response is required of Thor. To the extent a response is deemed required, Thor denies the allegations in Paragraph 4 for lack of information.

5. Any allegations concerning the service of legal process call for legal conclusions to which no response is required. To the extent a response is deemed required, Thor states that it may be served through its attorneys for the purposes of this Amended Complaint.

6. Thor admits that Plaintiffs seek a trial by jury in Paragraph 6 of the Amended Complaint. Pursuant to the executed Thor Product Registration form, Plaintiffs agreed that "any and all actions of any kind related to our motorhome shall be decided by a judge rather than a jury." As such, Thor demands strict enforcement of this valid provision and any other such applicable language provided by Camping World RV Sales, LLC and requires this action to be decided by a judge rather than a jury.

7. The allegations in Paragraph 7 are not directed toward Thor, and therefore, no response is required of Thor. However, to the extent a response is necessary, Thor

admits generally that it manufactured portions of the subject vehicle, which appears to have been sold by Camping World on or about the date and time as stated. Thor denies any remaining allegations in Paragraph 7 of the Amended Complaint that might apply to it.

8. The allegations in Paragraph 8 are not directed toward Thor and, therefore, no response is required of Thor. To the extent a response is deemed required, Thor denies the allegations in Paragraph 8 for lack of information.

9. Thor denies the allegations of Paragraph 9 of the Amended Complaint that are directed to it, other than generally admitting it received notice at some point prior to suit being filed. To the extent there are allegations in Paragraph 9 of the Amended Complaint that are directed to another defendant, no response is required of Thor. To the extent a response is deemed required, Thor denies such allegations for lack of information.

10. Thor denies the allegations of Paragraph 10 of the Amended Complaint.

11. Thor denies the allegations of Paragraph 11 of the Amended Complaint.

12. Thor denies the allegations of Paragraph 12 of the Amended Complaint.

In response to the allegations in the unnumbered paragraph following Paragraph 12 of the Amended Complaint beginning with "WHEREFORE," Thor denies the allegations. Thor denies any wrongdoing and denies that Plaintiffs are entitled to any relief whatsoever from Thor.

## **THIRD DEFENSE**

Plaintiffs' damages may have been caused by their own fault, or negligence, and Thor is not legally responsible for any fault or negligence of Plaintiffs.

## FOURTH DEFENSE

Plaintiffs' damages may have been caused by the fault of others, and Thor is not legally responsible for their fault, including any superseding or intervening acts of others, and including repair work performed by other dealers or service businesses on the subject coach.

## FIFTH DEFENSE

If Thor is found liable for Plaintiffs' damages, then comparative fault should be applied to reduce Plaintiffs' recovery based on the fault of all parties and non-parties.

## SIXTH DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations and or statute of repose.

## SEVENTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, consent, laches, and/or equitable estoppel.

## EIGHTH DEFENSE

Plaintiffs' claims for breach of express and implied warranty are barred as a matter of law.

## NINTH DEFENSE

Some or all of Plaintiffs' claims may be barred by any use of the subject coach that is in violation of any applicable warranty or warranties.

## TENTH DEFENSE

Thor pleads affirmatively the economic loss doctrine.

## ELEVENTH DEFENSE

To the extent that the negligence of other individuals or entities, who have not been named as defendants in this action, was a direct and proximate cause of Plaintiffs' claimed injuries and/or damages, Thor affirmatively pleads that fault should be allocated to those persons or entities in conformance with Mississippi law and that Thor is not responsible for the damages resulting from such comparative fault of others.  Thor asserts that there are potentially indispensable parties who were not named herein under MRCP 19.

## TWELFTH DEFENSE

Thor is not responsible for any component parts of the vehicle which were manufactured or assembled by others, or any parts or systems that are subject to their own, separate written warranties.

## THIRTEENTH DEFENSE

Plaintiffs' claims and damages should be reduced by their own negligence, including any improper operation, use or misuse, neglect, abuse or lack of proper maintenance of the vehicle, or any accident, modification, or alteration of the subject coach.

## FOURTEENTH DEFENSE

The subject coach was reasonably safe and not defective when it was manufactured and sold.

## FIFTEENTH DEFENSE

Thor has at all times acted in good faith toward Plaintiffs, and any award of damages or attorney fees would be inequitable and unjust under the circumstances.

### SIXTEENTH DEFENSE

The subject vehicle did not deviate in any material way from Thor's specifications or performance standards for such products or from otherwise identical products.

### SEVENTEENTH DEFENSE

Plaintiffs have failed to provide Thor with reasonable notice and/or a reasonable number of repair attempts as to some or all of the alleged defects of damages herein.

### EIGHTEENTH DEFENSE

If Plaintiffs failed to mitigate their damages, then they are not entitled to recover those damages.

### NINETEENTH DEFENSE

Thor is entitled to an offset against any award herein for Plaintiffs' use of the subject coach.

### TWENTIETH DEFENSE

Any damages to which Plaintiffs may be entitled should be diminished by any applicable offsets or trade-in over allowances.

### TWENTY-FIRST DEFENSE

Some or all of Plaintiffs' claims and damages may be barred to the extent there is no privity between Plaintiffs and Thor.

### TWENTY- SECOND DEFENSE

Thor reserves the right to assert and to rely upon any affirmative defenses of any other defendant herein.

## TWENTY- THIRD DEFENSE

If Plaintiffs received payment in the past, or receives payment in the future, from others who are or who may be responsible for the damages claimed in this lawsuit, then Thor is entitled to a credit or set-off in the amount of such payments against any judgment that may be rendered in this action.

## TWENTY- FOURTH DEFENSE

Plaintiffs failed to give proper notice of any alleged breach of warranty within a reasonable time after any such alleged breach was discovered or should have been discovered.

## TWENTY- FIFTH DEFENSE

At the time the subject coach left the control of Thor, the coach and its component parts were state of the art and in compliance with all reasonably known scientific and technical knowledge that existed at the time, and any alleged condition and/or any alleged defects herein did not adversely affect the use, safety, or value of the coach.

## TWENTY- SIXTH DEFENSE

Plaintiffs' claims are barred to the extent the coach was used for business or other non-recreational purposes.

## TWENTY-SEVENTH DEFENSE

The subject coach was sold subject to Thor's Limited Warranty. The terms of the exclusions and/or limitations of that Limited Warranty are clear and unambiguous. Thor affirmatively pleads the terms and conditions of its Limited Warranty, which may exclude and/or limit the warranty against any defects alleged herein.

## TWENTY-EIGHTH DEFENSE

As set forth in Thor's Limited Warranty, any implied warranties may be limited in duration, such that any alleged defect may no longer be covered under the terms of the Limited Warranty.

## TWENTY-NINTH DEFENSE

Plaintiffs failed to follow certain substantive and procedural requirements of Thor's Limited Warranty, and such failure voids certain portions of the warranty. Thor expressly reserves the right to invoke the substantive and procedural provisions of its Limited Warranty, along with the provisions of any other applicable warranty coverage.

## THIRTIETH DEFENSE

Thor asserts affirmatively the provisions of the Mississippi Motor Vehicle Warranty Enforcement Act, Lemon Law, or any similar laws which may be applicable in this matter, including any defenses thereunder.

## THIRTY-FIRST DEFENSE

Plaintiffs failed to follow, and Thor asserts affirmatively, the substantive and procedural requirements, terms and conditions, limitations, and/or exclusions contained in Thor's warranty and/or the selling dealer's Bill of Sale, Purchase Agreement, invoices, and/or other sales or repair documents, and such failure voids or limits certain portions of the warranty or claims and damages herein. Thor expressly reserves the right to invoke the substantive and procedural provisions, terms and conditions, and exclusions and limitations included in Thor's warranty and/or the selling dealer's Bill of Sale, Purchase Agreement, and/or other sales or repair documents, including any arbitration provisions,

venue provisions, statute of limitations provisions, waiver of jury trial provisions, attorney fee provisions, and/or forum selection clauses, among others.

## THIRTY-SECOND DEFENSE

Thor affirmatively relies on the terms and conditions of any express or implied warranties, invoices, and/or any other terms and conditions applicable herein, including any such applicable language provided by Camping World RV Sales, LLC, Thor, any component parts manufacturers or suppliers, any repair facilities, or otherwise.

## THIRTY-THIRD DEFENSE

At the time the subject coach left the control of Thor, the coach and its component parts were neither defective nor unreasonably dangerous in any manner that proximately caused Plaintiffs' alleged damages.

## THIRTY-FOURTH DEFENSE

Plaintiffs failed to exhaust all potential back-up remedies.

## THIRTY-FIFTH DEFENSE

Thor asserts affirmatively Mississippi's statutory adoption of the Uniform Commercial Code to the extent applicable.

## THIRTY-SIXTH DEFENSE

Plaintiffs failed to attach to their Amended Complaint a copy of the alleged warranty or warranties upon which part of their claims are based, as required by Mississippi Rule of Civil Procedure 10(d).  Therefore, Plaintiffs' warranty-based claims should be dismissed if those claims are based on a written document.

## THIRTY-SEVENTH DEFENSE

Thor pleads the provisions of Miss. Code Ann. § 11-1-60(2)(b) in connection with any claim by Plaintiffs for non-economic damages.

## THIRTY-EIGHTH DEFENSE

Thor pleads all rights afforded under Mississippi's 1993, 2002, 2004, and other tort reform acts.

WHEREFORE, PREMISES CONSIDERED, Thor Motor Coach, Inc. demands dismissal of the Amended Complaint with prejudice, with all costs assessed to Plaintiffs.

Respectfully submitted, this the 12th day of February, 2020.

                THOR MOTOR COACH, INC.

                By: s/ Caroline C. Loveless
                    ARTHUR D. SPRATLIN, JR. (MB No. 9035)
                    CAROLINE C. LOVELESS (MB No. 105960)

                ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158
Tel:  601-985-4568 (ADS)
Tel:  601-985-4409 (CCL)
Fax: 601-985-4500
art.spratlin@butlersnow.com
caroline.loveless@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Caroline C. Loveless, one of the attorneys for Thor Motor Coach, Inc. electronically filed the foregoing Answer with the Clerk of Court using the Court's ECF system, which sent notification of such filing to the following counsel of record:

Thomas L. Tullos, Esq.
Post Office Drawer 567
Bay Springs, MS 39422

Counsel for Plaintiffs

SO CERTIFIED, this the this the 12th day of February, 2020.

                                              s/ Caroline C. Loveless
                                              CAROLINE C. LOVELESS

51594389.v1